**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**CURTIS EDWARD ALVEY JR.**                                               **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 1:20-CV-142-GNS**

**KENTUCKY COMMISSION ON HUMAN RIGHTS**                          **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Curtis Edward Alvey Jr. filed this *pro se* civil action.  This matter is before the

Court for screening pursuant to 28 U.S.C. § 1915(e)(2).  For the reasons that follow, the action

will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff initiated this action by filing a form (Standard Form 95) used for presenting a

claim under the Federal Tort Claims Act (FTCA) to a federal agency (DN 1).  On the form,

Plaintiff names the Kentucky Commission on Human Rights (KCHR) as the "Appropriate

Federal Agency," and as the basis of his claim, he asserts:

> After reporting to the [KCHR] and explaining in brief detail the situation, I was ask
> to present certain personal identifying details.  I chose not to release these details,
> because I was already in fear of being Black Mailed or Framed by the attackers in
> another attack I am currently a victim of.

Where the form asks the filer to state the nature and extent of the alleged injury, Plaintiff states

the following:

> I have suffered severly since this incident.  Even losing a job (Zaxbys) that I was
> currently employed at during the inital intake at the [KCHR].  Since the accident
> I have contacted several FBI Agencies, the CIA, The United States Secret Service,
> The United States Marshalls Service, Local Law Enforcement Agencies and Court
> Houses.

As the amount of his claim, Plaintiff indicates $29,000,000.

In response to a notice of deficiency issued by the Clerk of Court directing Plaintiff to file his complaint on a form, Plaintiff filed his complaint on two forms – a Complaint for a Civil Case form (DN 1-2) and Complaint for Violation of Civil Rights form (DN 1-4).  In both complaint forms, he names the KCHR as Defendant.

In the Complaint for a Civil Case, Plaintiff indicates that he is bringing this action under the FTCA and alleges, "Upon speaking to intake department, I was informed they could not assist me, because I refused to give any extra details of my physical appearance.  Claim involved racial discrimination and sexual abuse."  As relief, he indicates that he originally sought $29,000,000 but now is "asking to press criminal charges on all alleged parties, because the crimes still continue."

In the Complaint for Violation of Civil Rights, Plaintiff asserts constitutional claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Fed. Narcotics Agents*.  He alleges as follows:

> After reaching to the [KCHR] to file a complaint for wrongful termination and racial discrimination and sexual abuse and verbal assault I was denied my right to pursue this claim because I refused to give personal details.  I feel this to violate my Sixth, Eighth, First, Seventh, and Ninth Amendment.

Plaintiff further alleges that the events giving rise to his claims occurred at "Zaxbys, Dunkin' Donuts and the [KCHR]" between August 2018 and September 2019.  He claims that there "are multiple suspects and key witnesses"; that he was "racially discriminated and wrongfully terminated from two job locations.  Along with being sexually abused and verbally assaulted"; and that he "approached the [KCHR] but had my rights neglected because I believed I was being black mailed and framed for multiple reasons and refused to give any personal identifying

details." Plaintiff reports that he sought medical attention for the sexual assaults, that his head hurts, that he sometimes gets dizzy, and that he feels as if he is "going to get shot or die in a car crash." As relief, he indicates that he was originally requesting $28,000,000 but is now seeking to press criminal charges.

## II. <u>STANDARD OF REVIEW</u>

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as

true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing

*Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal

pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less

stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16,

19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518

F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require courts "to explore

exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district

court from its legitimate advisory role to the improper role of an advocate seeking out the

strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*,

775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

The Court first addresses Plaintiff's FTCA and *Bivens* claims.  The FTCA "allows a

plaintiff to bring certain state-law tort suits against the Federal Government."  *Brownback v.*

*King*, 141 S. Ct. 740, 745 (2021) (citing 28 U.S.C. § 2674, § 1346(b)).  In *Bivens v. Six Unknown*

*Fed. Narcotics Agents*, 403 U.S. 388 (1971), the U.S. Supreme Court "recognized for the first

time an implied private action for damages against federal officers alleged to have violated a

citizen's constitutional rights."  *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001).  The

FTCA and *Bivens* claims fail because Plaintiff is suing the KCHR, a *state* agency, not the federal

government or a federal officer.  *See Lanier v. Kentucky Comm'n on Hum. Rts.*, No. 3:06-CV-

602-S, 2007 WL 2407274, at *4 (W.D. Ky. Aug. 20, 2007) ("[T]he [KCHR] is an executive

branch state agency, an 'arm' or 'alter ego' of Kentucky.").

Regarding Plaintiff's § 1983 claims, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Defendant KCHR, a state agency, is not a "person" under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff, therefore, fails to state a claim under that statute.

Further, under the Eleventh Amendment to the U.S. Constitution, a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)); *see Ferritto v. Ohio Dep't of Highway Safety*, No. 90-3475, 1991 WL 37824, at *2 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985."). Consequently, Plaintiff's § 1983 claims against Defendant KCHR are also barred by the Eleventh Amendment.

Finally, as to Plaintiff's request to press criminal charges, "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). The Court does not have the power to direct that criminal charges be filed. *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972).

For these reasons, this action will be dismissed by separate Order.

Date:   March 17, 2021

Greg N. Stivers, Chief Judge

United States District Court

cc:      Plaintiff, *pro se*
4416.005

6